UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVARIO TERRELL LIPSEY,

    Petitioner,

v.

                                   Case No. 2:20-CV-11890
                                   HONORABLE DENISE PAGE HOOD

LES PARISH,

    Respondent.
_____/

**OPINION AND ORDER: (1) DENYING THE MOTION FOR AN EVIDENTIARY HEARING (ECF No. 2), (2) GRANTING MOTION TO AMEND THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 7), (3) GRANTING PETITIONER AN EXTENSION OF TIME TO FILE AN AMENDED HABEAS PETITION, (4) GRANTING RESPONDENT'S MOTION FOR AN EXTENSION OF TIME (ECF No. 6), AND (5) SETTING A DEADLINE FOR RESPONDENT TO FILE AN ANSWER**

Petitioner filed a petition for a writ of habeas corpus. Respondent was ordered to file an answer by September 30, 2020. Petitioner also filed *pro se* motion for an evidentiary hearing.

Petitioner has now retained counsel, who has filed a motion to file an amended habeas petition. Respondent filed a motion for an extension of time to file an answer. The motions are **GRANTED**. Petitioner is **GRANTED** a ninety day extension of time to file an amended habeas petition. The Court sets a deadline for respondent to file an answer. The motion for an evidentiary hearing is **DENIED WITHOUT PREJUDICE.**

1

Petitioner filed a *pro se* motion for an evidentiary hearing.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), evidentiary hearings are not mandatory in

habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

The Court permits petitioner to amend his habeas petition. Petitioner's proposed amended habeas petition should be granted because it may advance claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Additionally, because petitioner has filed this motion to amend the petition before respondent filed an answer to the original petition, the motion to amend should be granted. *See Anderson v. U.S.*, 39 F. App'x 132, 136 (6th Cir.

3

2002). A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g. Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). The Court grants petitioner ninety days from the date of this order to file an amended habeas petition. If petitioner fails to file an amended petition by that date, the Court will adjudicate petitioner's claims based on the pleadings already filed in this case.

The motion for an extension of time to file an answer is granted. Respondent shall have sixty days from the date that the amended petition is filed, or the date that the period for filing the amended petition has expired, whichever is later, to file an answer in this case. *See Stewart v. Angelone*, 186 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4.

**IT IS ORDERED THAT:**

(1) The motion for an evidentiary hearing (ECF No. 2) is **DENIED**.

(2) The motion to amend the petition (ECF No. 7) is **GRANTED**.

(3) Petitioner's counsel has **ninety (90) days** from the date of this order to file an amended habeas petition.

(4) Respondent's motion for an extension of time (ECF No. 6) is **GRANTED.** Respondent has **sixty (60) days** from the date that the amended habeas petition is filed or the date that the period for filing the amended petition has expired, whichever is later, to file an answer in this case.

(5) Petitioner has **forty five (45) days** following the filing of the answer to file a reply brief.

Dated: November 23, 2020          s/Denise Page Hood
                                  Chief Judge, United States District

5