UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVARIO TERRELL LIPSEY,

     Petitioner,             Civil No. 2:20-CV-11890
                               HONORABLE DENISE PAGE HOOD
v.

LES PARISH,

     Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davario Terrell Lipsey, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through attorney Karen Oakley.  Petitioner challenges his conviction for four counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83; one count of carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226; one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and six counts of possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  For the

1

reasons that follow, the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

## I. Background

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court.   This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, since they are presumed correct on habeas review. *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from an incident in which defendant fired gunshots in the direction of three individuals, Jylan Jackson, Joslynn Humphrey, and an employee of an auto parts store who was helping the two with a broken tie rod. None of the three individuals were struck, but a nine-year-old girl in a nearby house was injured when a bullet entered her home. Defendant did not dispute at trial that he was the shooter. His defense was that he abandoned the intent to kill before he started shooting.

*People v. Lipsey*, No. 329875, 2017 WL 1967476, at *1 (Mich. Ct. App. May 11, 2017).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 501 Mich. 1036, 908 N.W.2d 903 (2018).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*   The motion was denied. *People v. Lipsey,* No. 15-041309-FC (Saginaw County Circuit Court, May 7, 2019).

2

The Michigan appellate courts denied petitioner leave to appeal. *People v. Lipsey,* No. 349503 (Mich. Ct. App. Nov. 13, 2019); *lv. den.* 505 Mich. 989, 938 N.W.2d 733 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.    The decisions of the Michigan judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, as the Michigan courts erred in the issuance of an abandonment jury instruction, in issuing an assault and battery instruction, and in failing to issue a malice instruction.

II.   The decisions of the Michigan judiciary denying the Petitioner relief upon his claim of violation of his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were in error, when counsel pursued a defense of lack of intent and conceded that the Petitioner was the shooter instead of pursuing an identity defense and failed to conduct proper pre-trial investigation.

III.  The decisions of the Michigan judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, in that an unduly suggestive photographic lineup was utilized and the trial court erred by failing to hold a *Wade* hearing with respect to Humphrey's identification of the Petitioner as the shooter.

IV.   The decisions of the Michigan judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, as the prosecution engaged in misconduct during trial.

3

V.     The decisions of the Michigan judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, as the evidence was insufficient to support the conviction for assault with intent to murder.

VI.    The Petitioner is entitled to an evidentiary hearing on these matters.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

4

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

### III. Discussion

**A. The procedurally defaulted claims.**

Respondent claims that several of petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Respondent contends that a portion of petitioner's first claim, in which he alleges that the judge erred in giving the jury an instruction on assault and battery, petitioner's third claim challenging the suggestiveness of the

eyewitness identification, and the fourth claim alleging prosecutorial misconduct, are procedurally defaulted because petitioner failed to preserve the issues by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claims for plain error only. *People v. Lipsey*, 2017 WL 1967476, at **3, 6, 7.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his assault and battery instruction, suggestive identification, and prosecutorial misconduct claims. The Michigan Court of Appeals' review of petitioner's claims for plain error should be viewed as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). The fact that the Michigan Court of Appeals addressed the merits of the claims as part of plain error review does not alter this analysis. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

Respondent contends that petitioner's first subclaim involving the judge's failure to instruct the jury on malice and the portion of petitioner's second claim alleging that trial counsel was ineffective for failing to

investigate an alibi defense are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Lipsey,* No. 349503 (Mich. Ct. App. Nov. 13, 2019)(ECF No. 13-20, PageID.1827). The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Lipsey,* 505 Mich. 989; 938 N.W.2d 733 (2020).

These orders, however, failed to refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

8

The Saginaw County Circuit Court judge, in rejecting petitioner's post-conviction claims, ruled that petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise these issues on his direct appeal. *People v. Lipsey,* No. 15-041309-FC, *19 (Saginaw County Circuit Court, May 7, 2019)(ECF No. 13-17, PageID.1006). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d at 267.

Petitioner has offered no reasons for his failure to preserve his assault and battery, suggestive identification, or prosecutorial misconduct claims at the trial level or his failure to raise his malice instruction and

9

ineffective assistance of counsel claim on his appeal of right.  Appellate

counsel did raise an ineffective assistance of counsel claim pertaining to

the pursuit of an abandonment defense, rather than the pursuit of an

identity defense. However, appellate counsel did not raise the issue that

trial counsel was ineffective for failing to investigate an alibi defense.  By

failing to raise any claim or issue to excuse the procedural default,

petitioner "has forfeited the question of cause and prejudice." *Rogers v.*

*Skipper*, 821 F. App'x 500, 503 (6th Cir.), *cert. denied*, 141 S. Ct. 631

(2020).  Additionally, petitioner has not presented any new reliable

evidence to support any assertion of innocence claim which would allow

this Court to consider his defaulted claims as a ground for a writ of habeas

corpus in spite of the procedural default.  Petitioner's sufficiency of

evidence claim (Claim # 5) is insufficient to invoke the actual innocence

doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp.

2d 664, 677 (E.D. Mich. 2003).

Petitioner alleged in his motion for relief from judgement that trial

counsel was ineffective for failing to call his alibi witnesses and appellate

counsel was ineffective by failing to raise this issue on his direct appeal.

Petitioner attached the affidavits to the motion for relief from judgment,

10

which was provided by respondent in the Rule 5 materials, (ECF No. 13-15, PageID.955-57), and can be found in petitioner's habeas petition.

Although the trial court judge on post-conviction review procedurally defaulted petitioner's ineffective assistance of counsel claim, the judge in the alternative rejected the claim on the merits as well:

> Defendant contends that he has demonstrated ineffective assistance of counsel in that he provided his trial counsel with contact information for three alibi witnesses, but counsel did not interview them and failed to investigate his alibi defense. However, Defendant previously argued on appeal that he was denied ineffective assistance of trial counsel through counsel's pursuit of the abandonment defense rather than pursuing an insanity defense, and the Court of Appeals denied his appeal on that ground, based on the "overwhelming evidence regarding defendant's identity as the shooter." *Lipsey, supra*, unpub op at 2–3. This Court does not find anything in the present motion which would require a different conclusion. Defendant presents affidavits of his uncle, Dana Lipsey, and of Makala Shivers (the daughter of Dana Lipsey's live-in girlfriend, Tenika Shivers) who aver that they would testify that Defendant was at their house on the morning of the shooting, they did not see Mr. McClain that day and did not see Defendant with a gun. Defendant also presents an affidavit from J'ion Parker, who indicates that he was with Defendant sometime on March 21, 2015 at Dana Lipsey's house, and did not see Defendant with a gun, and also that he was the unidentified male caller on the jail call and that the "Troy" referred to was a different Troy who owed Defendant money.
>
> However, Makala Shivers' affidavit indicates only that Defendant was at the kitchen table in her home "every time [she] came into the kitchen." Thus, even had such testimony been provided it would not establish that he never left the house that day. Neither would the proposed testimony that various potential witnesses

11

did not see Mr. McClain at the house nor see Defendant give him a gun be sufficient to rebut the testimony of Trenika Shivers as her testimony indicated that she saw Defendant hand Mr. McClain something, but in a manner so that she could not see what it was (although she had originally told police she thought it was a gun). Consequently, the fact that no one else allegedly present at the house that day "saw" the gun, would not conflict with her testimony. Further, in light of the fact that the gun was found at Mr. McClain's residence, testimony that various people did not specifically see Defendant interact with Mr. McLain [sic] would not have been likely to lead to any different result. In addition, Defendant admits that his counsel discussed with him the possibility of Dana Lipsey testifying, (who was the only witness who appears to be unequivocally willing to testify that Defendant "never left the house" before 3:00 p.m. on the day of the shooting), and concluded that he would not be a good witness due to his felony record.

Accordingly, in light of the overwhelming evidence presented as to Defendant's identity as the shooter, this Court does not find that Defendant has demonstrated that his trial counsel's failure to present any of the witness testimony described above constituted ineffective assistance of counsel, as even with such testimony, Defendant could not have reasonably expected to successfully assert a defense of mistaken identity, or convincingly dispute the transfer of the gun from Defendant to Mr. McClain. Thus, Defendant has not shown that the absence of such witness testimony deprived him of any "substantial defense," so as to establish ineffective assistance of counsel. Consequently, Defendant cannot satisfy the good cause requirement of MCR 6.508(D)(3) based on his assertions of ineffective assistance of counsel.

*People v. Lipsey,* No. 15-041309-FC, at **16-17 (ECF No. 13-17, PageID.1003-04).

Although the "failure to call alibi witnesses suggests legal insufficiency," this Court "cannot say that this testimony alone would have

12

satisfied the high bar for demonstrating factual innocence[,]" so as to excuse the procedural default in petitioner's case. *See e.g. Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012).

Neither J'ion Parker or Makala Shivers in their affidavits established the time that petitioner arrived at the house or how long he remained there before leaving, nor do they even unequivocally state that petitioner remained at the house for the entire duration of the time that Mr. Parker or Ms. Shivers were present at the house.   Mr. Parker's and Ms. Shiver's proposed testimony did not establish petitioner's actual innocence to excuse his default, because it would not preclude petitioner from committing the crime. *See Reeves v. Fortner*, 490 F. App'x 766, 769–70 (6th Cir. 2012).   The Court also notes that Mr. Parker and Ms. Shiver signed their affidavits on July 6, 2018, almost three years after petitioner's trial ended on September 10, 2015.   Neither Mr. Parker nor Ms. Shiver in their affidavit explained why it took them almost three years to come forward with their information.   Furthermore, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo,* 513 U.S. 298, 332 (1995).

Although petitioner's uncle, Dana Lipsey, signed an affidavit on January 19, 2018, in which he unequivocally stated that petitioner was with them until 3:00 p.m. that day, affidavits from family members that are created after trial are not sufficiently reliable evidence to support a finding of actual innocence. *See Milton v. Secretary, Dep't Of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009).   Neither Dana Lipsey nor petitioner explain why it took petitioner's uncle almost two and a half years after petitioner's trial ended on September 10, 2015, to provide an affidavit in support of an alibi defense.   Because Dana Lipsey as a family member has a motive to give evidence in petitioner's favor, his credibility is suspect and his proposed alibi testimony is insufficient to establish petitioner's actual innocence. *See Coleman v. Lemke,* 739 F.3d 342, 352 (7th Cir. 2014).

The fact that Dana Lipsey nor the other two proposed alibi witnesses ever came forward in a timely manner, when they claimed that they knew that petitioner was with them at the time of the shooting, undermines their credibility, particularly when there is also no indication that any of these individuals went to the police with this allegedly exculpatory information. *See Ashmon v. Davis*, 508 F. App'x 486, 488 (6th Cir. 2012).   Petitioner has failed to establish that it would be a miscarriage of justice for this Court to decline to review the procedurally defaulted claims.

14

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's assault and battery instruction claim and his third and fourth claims, the Genesee County Circuit Court in rejecting petitioner's first subclaim about the malice instruction and his second subclaim involving counsel's failure to present alibi witnesses, and by the Assistant Michigan Attorney General in his answer to the petition for a writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit. Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

**B. Claim # 1. The instruction on abandonment.**

Petitioner in the undefaulted portion of his first claim alleges that his right to a fair trial was violated when the judge instructed the jury on the offense of abandonment, because such a defense applies only to attempt crimes and is inapplicable to the completed offenses for which petitioner was charged and convicted.

15

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.  Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

16

Moreover, in determining whether to grant habeas relief to a habeas petitioner based upon an erroneous jury instruction, the reviewing court must determine whether that instruction had a substantial and injurious effect or influence on the jury's verdict. *See Hedgpeth v. Pulido*, 555 U.S. 57, 61-62 (2008); *California v. Ray*, 519 U.S. 2, 5 (1996).

The Michigan Court of Appeals agreed that it was erroneous for the jury to be instructed on an abandonment defense. *People v. Lipsey*, 2017 WL 1967476, at *2.   The Michigan Court of Appeals, however, found the error to be harmless:

> Instructional errors are presumed to be harmless, but the presumption may be rebutted by a showing that the error resulted in a miscarriage of justice. *Dupree*, 486 Mich. at 710 ("Under MCL 769.26, a preserved nonconstitutional error is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the asserted error was outcome determinative."). Defendant argues that the erroneous instruction was a miscarriage of justice because the example given in the instruction—"For example, a person who abandons an attempt to kill after firing a shot at an intended victim may not use abandonment as a defense to attempted murder"—prompted a directed verdict of guilty. However, defendant was not charged with an attempt crime. Therefore, the defense did not apply in the first instance, and defendant could not have abandoned it. Further, the trial court properly instructed the jury on the elements of assault with intent to murder, the lesser offenses of felonious assault and assault with intent to commit great bodily harm less than murder, and the element of intent. Defendant has failed to demonstrate that the error resulted in a miscarriage of justice.

17

*People v. Lipsey*, 2017 WL 1967476, at *3.

"Unless its jurisdiction is at stake, a federal district court on federal habeas review 'may take up issues in whatever sequence seems best, given the nature of the parties' arguments and the interest in avoiding unnecessary constitutional decisions.'" *Dittrich v. Woods*, 602 F. Supp. 2d 802, 809 (E.D. Mich. 2009); *aff'd in part and rev'd in part on other grds,* 419 F. App'x 573 (6th Cir. 2011)(quoting *Aleman v. Sternes,* 320 F.3d 687, 691 (7th Cir. 2003)).  When a federal court is confronted with several possible grounds for adjudicating a case, any of which would lead to the same disposition of the case, "a federal court should choose the narrowest ground in order to avoid unnecessary adjudication of constitutional issues." *Id.* (citing *U.S. v. Allen*, 406 F.3d 940, 946 (8th Cir. 2005)).  Therefore, a federal district court on habeas review of a state court conviction can proceed directly to a harmless error analysis of a habeas petitioner's claims without first reviewing the merits of the claim or claims, "when it is in the interest of judicial economy and brevity to do so." *Id.* (citing *Porter v. Horn*, 276 F. Supp. 2d 278, 344 (E.D. Pa. 2003).  Because of the compelling evidence of guilt in this case, the Court will move directly to the issue of harmlessness as to any potential error. *See e.g. United States v. Cody,* 498 F.3d 582, 587 (6th Cir. 2007).

18

On direct review of a conviction, a constitutional error is considered harmless only if the reviewing court finds it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24 (1967).   In *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003)(per curiam), the Supreme Court held that habeas relief would be appropriate only if a habeas petitioner could show that a state court applied harmless error review in an "'objectively unreasonable' manner."

However, in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief should be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.   "Citing concerns about finality, comity, and federalism," the Supreme Court in *Brecht* "rejected the *Chapman* standard in favor of the more forgiving standard of review applied to nonconstitutional errors on direct appeal from federal convictions." *Fry v. Pliler*, 551 U.S. 112, 116 (2007)(citing *Kotteakos v. United States*, 328 U.S. 750 (1946)).

Petitioner seeks federal habeas corpus relief and thus must meet the *Brecht* standard, but that does not mean "that a state court's harmlessness

determination has no significance under *Brecht*." *Davis v. Ayala*, 576 U.S. 257, 268 (2015).  Where a state court uses the *Chapman* standard to determine that an error was harmless beyond a reasonable doubt, a federal court cannot grant habeas relief unless the state court applied the *Chapman* harmless error standard in an objectively unreasonable manner. *Id.* at 269-70.

The Michigan Court of Appeals reasonably determined that the giving of an abandonment defense instruction was harmless error.  Petitioner was not charged with an attempt crime, therefore, the example given by the judge in his instruction that petitioner could not legally abandon the crime after firing the first shot was inapplicable.  The judge gave the jurors the correct instructions on assault with intent to murder and the two lesser offenses of assault with intent to do great bodily harm and felonious assault, including the requisite intent required for those offenses. Nothing in the jury instructions prevented petitioner's counsel from arguing, as he did, that petitioner lacked the specific intent to commit the crimes charged. Under the circumstances, it was reasonable for the Michigan Court of Appeals to conclude that the giving of an abandonment defense instruction, even though it was inapplicable, was harmless error. *See e.g. United States v. Allen*, 9 F.3d 109, 1993 WL 445082, at **3-4 (6th Cir. Nov. 2,

20

1993)(giving of abandonment instruction to jury, where the defense was not recognized by the Sixth Circuit, was harmless error where the instruction did not materially affect the verdict).  Petitioner is not entitled to relief on his first claim.

### C. Claim # 2.  The ineffective assistance of counsel claim.

Petitioner argues that trial counsel was ineffective for failing to raise a mistaken identity defense, choosing instead to argue that petitioner lacked the intent to be guilty of assault with intent to commit murder.

A defendant must satisfy two things to establish the denial of the effective assistance of counsel.  First, the defendant must demonstrate that his attorney's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  Stated differently, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on

22

habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101.

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 562 U.S. at 105.

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he did. *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011).

The Michigan Court of Appeals rejected petitioner's claim on direct review as follows:

> Identity is an essential element of a criminal prosecution. Humphrey testified that she saw defendant's face before she started running, she identified the clothing the shooter was wearing, and she identified defendant as the shooter in a photographic lineup. According to Jackson, he looked up and saw the shooter aim a gun at him and start shooting. He gave a description of the shooter's clothing that matched the description given by Humphrey. Further, Troy McClain, an

23

acquaintance of defendant, testified that defendant told him details about the shooting that day and gave him a .40–caliber Glock. A firearms and tool marks identification expert determined that the spent cartridge casings found at the scene of the shooting were ejected from the .40 caliber Glock that was retrieved from McClain's residence. In the face of such evidence, defense counsel should not be faulted for not advancing an identity defense.

Defense counsel conceded that defendant was the shooter during trial. Given the overwhelming evidence that defendant was the shooter and assaulted the victims, the only element left open for dispute was whether defendant had the requisite intent to murder the victims. The fact that defense counsel's strategy did not ultimately convince the jury did not render his assistance ineffective. Furthermore, defendant cannot show a reasonable probability that, but for defense counsel's conduct, the result of the trial would have been different considering the overwhelming evidence regarding defendant's identity as the shooter. Accordingly, defendant's argument is without merit.

*People v. Lipsey*, 2017 WL 1967476, at *2 (internal citations omitted).

In light of the positive identifications of petitioner, his own confession to Mr. McClain, and the fact that the spent cartridge casings recovered at the scene of the shooting were ejected from the .40 caliber Glock that was given by petitioner to Mr. McClain and retrieved from McClain's residence, the Michigan Court of Appeals reasonably concluded that trial counsel was not ineffective in failing to present a misidentification defense. *See Pitts v. Johnson*, 727 F. App'x 285, 287 (9th Cir. 2018)(California Court of Appeal's decision denying petitioner's ineffective assistance of counsel claim did not involve unreasonable application of clearly established federal law, as

24

would warrant federal habeas relief, where the Court reasonably determined that counsel's performance was not deficient for rejecting potential misidentification strategy, and that petitioner was not prejudiced from any deficiency in counsel's performance, given victim's confidence in her identification of petitioner and damning confession).  Petitioner is not entitled to relief on his second claim.

### D. Claim # 5.  The sufficiency of evidence claim.

Petitioner next argues that there was insufficient evidence to establish his identity as the shooter.

The Michigan Court of Appeals rejected petitioner's claim on direct review as follows:

> Defendant's argument regarding identity fails because he conceded at trial that he was the shooter. Further, the alleged deficiencies in Humphrey's testimony relate to her credibility, and it is well-established that an appellate court "will not interfere with the trier of fact's determinations regarding the ... credibility of witnesses." *People v. Stevens*, 306 Mich. App. 620, 628; 858 N.W.2d 98 (2014).

*People v. Lipsey*, 2017 WL 1967476, at *4.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of

25

the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."   Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold

of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer,* 82 F. App'x 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

In the present case, Ms. Hamilton positively identified petitioner as the assailant.   The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F.2d 1142, 1144

(6th Cir. 1985)(internal citations omitted).   Ms. Hamilton unequivocally identified petitioner at trial as the shooter based on her personal observations. This evidence was sufficient to support petitioner's conviction. *See Thomas v. Perry,* 553 F. App'x 485, 487–88 (6th Cir. 2014). Although petitioner attacks the quality of the eyewitness identification, he is basically asking this Court to re-weigh the testimony and credibility of the evidence, which this Court cannot do. *See United States v. Campbell*, 18 F. App'x 355, 358 (6th Cir. 2001)(quoting *United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993)).

In addition to the eyewitness identification, petitioner admitted his involvement in the shooting to Mr. McClain.

"[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F.2d 490, 494 (8th Cir. 1979); *see Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000)(petitioner's identity as murderer supported in part by evidence that he confessed several times to murdering sister); *Sok v. Romanowski,* 619 F. Supp. 2d 334, 351 (W.D. Mich. 2008)(evidence sufficient to establish petitioner's identity as armed robber where his admissions placed him at the location of the crime); *Hatchett v. Withrow*,

28

185 F. Supp. 2d 753, 759 (E.D. Mich. 2002)(petitioner's identity as perpetrator of crime supported in part by his detailed confession to the crime).

Finally, the prosecution's firearms expert testified that the casings recovered from the crime scene were fired from the .40 caliber Glock that Mr. McClain claimed petitioner gave to him when he confessed to the shooting. Evidence that the weapon used in the shooting was the same as the weapon given by petitioner to Mr. McClain is sufficient circumstantial evidence to establish his identity as the shooter. *See e.g. Wiggins v. Parker*, 423 F. App'x 534, 537 (6th Cir. 2011).

Because there were multiple pieces of evidence, including eyewitness testimony, to establish petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,* 699 F.3d 908, 919-21 (6th Cir. 2012).

**E. Claim # 6.  The evidentiary hearing claim.**

Petitioner in his last claim requests an evidentiary hearing.

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th

29

Cir. 2001). In light of the fact that petitioner's claims are meritless, he is not entitled to an evidentiary hearing.

## IV. Conclusion

The Court concludes that petitioner is not entitled to federal habeas relief on the claims contained in his petition.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.   "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).   "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.   Although jurists of reason would not debate this Court's

31

resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

**(2)** Petitioner will be granted leave to appeal *in forma pauperis.*

**SO ORDERED.**

s/Denise Page Hood
Denise Page Hood
Dated: September 1, 2023       United States District Judge